**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30217 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00068-TMB-2 |
| v. | |
| SHAWN RICHARD CHRISTY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted November 5, 2012
Seattle, Washington

Before:    W. FLETCHER and FISHER, Circuit Judges, and DEARIE, Senior
District Judge.[**]

Appellant Shawn Christy pled guilty to one count of harassing telephone

calls in interstate commerce, in violation of 47 U.S.C. § 223(a)(1)(D).  The district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Raymond J. Dearie, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

court sentenced Christy to five years probation and ordered restitution to law firm employees totaling over $15,000 to be paid jointly and severally by Christy and his father. As a condition of probation, the court ordered Christy to reside in a community confinement center for up to 180 days. Christy appeals the restitution award, arguing that the district court's award to individual attorneys is not supported by the evidence and that the court abused its discretion by failing to consider his financial position. Christy also appeals the probation condition, arguing that the district court gave the probation officer final authority to determine the length of time he must spend in community confinement, an impermissible delegation of Article III power. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a restitution order for abuse of discretion, factual findings supporting an order of restitution for clear error, and the legality of an order of restitution de novo. *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008). The district court erred in awarding restitution to law firm employees rather than to the law firm. Lost employee work time entitles an employer to restitution. *United States v. Sablan*, 92 F.3d 865, 869-70 (9th Cir. 1996) (upholding restitution award for "standard hourly rate for its employees' time"); *United States v. De La Fuente*, 353 F.3d 766, 768 (9th Cir. 2003) (affirming restitution for lost employee hours).

2

The district court should have awarded restitution to the law firm rather than the law firm employees because the award was based on the amount of lost income the employees would have earned for the firm had they been billing clients and not dealing with Christy. Therefore, we reverse and remand to the district court so that the restitution award may be granted properly to the law firm.

The district court did not abuse its discretion in awarding restitution despite Christy's financial situation. While at the time a court orders restitution the record must "reflect some evidence" that the defendant will be able to pay the restitution award in the future, "[a] defendant's present indigence is not sufficient to preclude a restitution order." *Sablan*, 92 F.3d at 871. However, if a court orders a presently indigent defendant to pay restitution, "it must consider defendant's future ability to pay." *United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998). The record includes evidence that Christy would be able to pay in the future, and the payment schedule suggests the court took Christy's finances into account.

We review the decision to impose a condition of supervised release for abuse of discretion, *United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005), and the authority to impose specific probation conditions de novo. *United States v. Parrott*, 992 F.2d 914, 920 (9th Cir. 1993). We have held that "a probation officer may not decide the nature or extent of the punishment imposed upon a

3

probationer" because to do so would be an unconstitutional delegation of the court's Article III power to impose punishment. *United States v. Stephens*, 424 F.3d 876, 881 (9th Cir. 2005). The district court stated to Christy, "[I]f the probation officer thinks you're making sufficient [progress], he – he or she can approve your release sooner than the one hundred eighty days." In light of its earlier statement that the probation officer could recommend Christy's early release from his five-year probation sentence, however, we construe the district court to have likewise merely granted authority to the probation officer to recommend, rather than approve, early release from community confinement.

**AFFIRMED in part and REVERSED and REMANDED in part.**